IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONTRELL BOOKER, DARIUS CARTER, STEPHANO GOLIDAY-HOLLON and MICHAEL ECKELS, </br></br>    Plaintiffs, </br></br>v. </br></br>CORNERSTONE BAKING COMPANY, LLC and EXPRESS SERVICES, INC. OF COLORADO d/b/a EXPRESS SERVICES, INC. </br></br>    Defendants. | No. 3:13-cv-1121 </br>Judge Sharp </br>Magistrate Judge Knowles </br></br>JURY DEMAND |

## SECOND AMENDED COMPLAINT

For their Second Amended Complaint against defendants Cornerstone Baking Company, LLC ("Cornerstone") and Express Services, Inc. of Colorado d/b/a Express Services, Inc. ("Express") (collectively referred to as "defendants"), plaintiffs Dontrell Booker, Darius Carter, Stephano Goliday-Hollon, and Michael Eckels ("plaintiffs") state:

### PARTIES

1.    Plaintiffs are each former employees of defendants.

2.    Defendant Cornerstone is a Tennessee limited liability company with its principal place of business in Nashville, Tennessee. Cornerstone operates a bakery within the Middle District of Tennessee. At all relevant times, Cornerstone employed more than 15 individuals, including plaintiffs. Cornerstone has been served with process.

3.    Defendant Express is a Colorado corporation with its principal place of business in Oklahoma City, Oklahoma. Express operates an employee staffing business within the

Middle District of Tennessee. At all relevant times, Express employed more than 15 individuals, including plaintiffs. Express may be served with process through its registered agent, CT Corporation System, Suite 2021, 800 S. Gay Street, Knoxville, Tennessee 37929-9710.

## JURISDICTION AND VENUE

4. This is an action for damages and equitable relief for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"); and Tennessee common law. Plaintiffs also assert claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, et seq. ("FLSA"). This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 since plaintiffs assert claims arising under the laws of the United States. Venue is proper in this Court because the acts giving rise to this complaint occurred in an area embraced within the Middle District of Tennessee.

5. Plaintiff Dontrell Booker filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and has received and filed his Notice of Right to Sue from the EEOC.

## FACTS

6. Plaintiffs were employed by defendants within the last three years.

7. During plaintiffs' employment, defendants discriminated against plaintiffs because of their race with respect to the terms, conditions and privileges of employment, including treating plaintiffs differently and less favorably than similarly situated non-African-American employees. Defendants' actions included among other things, directing racially offensive comments to and about plaintiffs and other African-American employees, disparately criticizing plaintiffs and other African-American employees, disparately applying work rules and

policies, including break policies, more stringently to plaintiffs and other African-American employees than to non-African-American employees and discharging or constructively discharging plaintiffs because of their race. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

8. During plaintiffs' employment, defendants allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions. Defendants subjected plaintiffs and other African-American employees to racially offensive comments and frequent use of the "N-word," including calling African-American employees "ni**ers" and "you people," and racially offensive jokes and comments about African-Americans, including the phrases "sagging pants," "eating chicken," "big car rims" and "being lazy." Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

9. Defendants retaliated against plaintiffs because of their opposition to defendants' racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and racially disparate treatment. Defendants' actions were in violation of Title VII, Section 1981 and the THRA.

10. Defendants discharged or constructively discharged plaintiffs because of their race and/or their complaining about, opposing and/or refusing to participate in unlawful conduct.

11. Plaintiffs regularly worked four to seven days per week, beginning at 4:30 a.m. and not completing work until as late as 6:00 p.m. Defendants did not accurately record plaintiffs' total work time and did not pay plaintiffs for all time worked.

12. Plaintiffs regularly worked more than forty (40) hours per week but did not receive one and one-half times their regular hourly rate for all hours over forty (40) in some work weeks.

**Claim for Race Discrimination, Racially Hostile Work Environment, and Retaliation in Violation of Federal and Tennessee Law**

13. Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 12 herein.

14. Defendants discriminated against plaintiffs in the terms, conditions and privileges of employment and discharged them from their employment because of their race and/or in retaliation for their opposition to and/or refusal to participate in defendants' racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and racially disparate treatment, in violation of Title VII, Section 1981 and the THRA.

15. Defendants allowed and failed to remedy a racially hostile work environment that altered plaintiffs' working conditions in violation of Title VII, Section 1981 and the THRA.

16. Defendants retaliated against plaintiffs because of their opposition to defendants' racially offensive, inappropriate and unlawful actions, including repeated racially derogatory comments, threats and racially disparate treatment, in violation of Title VII, Section 1981, and the THRA.

17. As a direct result of defendants' actions, plaintiffs have suffered damages.

18. As a result of their actions, defendants are liable to plaintiffs in an amount to be determined by the jury for the damages plaintiffs have incurred.

19. As a result of their actions, defendants are liable for punitive damages and for plaintiffs' attorneys' fees.

20. As a result of their actions, defendants are obligated to make plaintiffs whole for all lost earnings and benefits.

**Claim for Overtime In Violation of the Fair Labor Standards Act**

21.     Plaintiffs hereby incorporate and reallege the factual averments as set forth in paragraphs 1 through 20 herein.

22.     At all times material to this action, defendant Cornerstone was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

23.     While plaintiffs worked for defendants, defendant Cornerstone was plaintiffs' "employer" as defined by Section 203(d) of the FLSA.

24.     While plaintiffs worked for defendant Cornerstone, they were "employees" of Cornerstone as defined by Section 203(e)(1) of the FLSA, and worked for Cornerstone within the territory of the United States within three years preceding the filing of this lawsuit.

25.     At all times material to this action, defendant Express was an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

26.     While plaintiffs worked for defendant Express, Express was plaintiffs' "employer" as defined by Section 203(d) of the FLSA.

27.     While plaintiffs worked for defendant Express, they were "employees" of Express as defined by Section 203(e)(1) of the FLSA, and worked for Express within the territory of the United States within three years preceding the filing of this lawsuit.

28.     The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to defendants.

29.     Plaintiffs were employed as "bakery workers" for defendants.

30.     While plaintiffs were employed by defendants, they and all other "bakery workers" were hourly employees who were entitled to overtime wages at a rate of one and one-

half times their regular rates of pay for all hours worked over 40 in a given workweek, pursuant to Section 207 of the FLSA.

31. While plaintiffs were employed by defendants, they and other "bakery workers" consistently worked more than 40 hours per workweek, but were not paid overtime wages at a rate of one and one-half times their regular rates of pay for all hours worked over 40 in a given workweek as required by Section 207 of the FLSA.

32. Defendants violated the recordkeeping provisions of the FLSA by failing to keep accurate records of the number of hours worked by plaintiffs and similarly-situated employees.

33. Defendants' actions in failing to compensate plaintiffs and similarly-situated employees properly in violation of Section 207 the FLSA were willful.

34. Defendants' actions in failing to compensate plaintiffs and similarly-situated employees properly in violation of the FLSA were not in good faith.

35. As a result of defendants' failure to comply with Section 207 of the FLSA, defendants are liable to plaintiffs for back pay in the form of overtime pay.

36. In addition to the amount of unpaid overtime wages owing to plaintiff, plaintiffs and similarly-situated employees also are entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b), and/or prejudgment interest.

37. Plaintiffs and similarly-situated employees are entitled to an award of attorneys' fees pursuant to 29 U.S.C. Section 216(b).

38. Plaintiffs are personally aware of other similarly-situated employees and/or former employees of defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the lawsuit by filing consents pursuant to Section 216(b) of the FLSA. Specifically, all other hourly employees who were employed by both defendants in

the position of "bakery worker" or a similar position within the last three years and have not been paid overtime wages for all hours worked over 40 during a particular workweek are similarly-situated to plaintiffs and should be given notice of this lawsuit and the opportunity to join.

**WHEREFORE,** premises considered, plaintiffs demand the following relief:

1. A jury trial and entry of judgment in their favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Reinstatement or, alternatively, front pay and damages for lost benefits;

5. Punitive damages;

6. That plaintiffs be allowed to give notice to all other potential Plaintiffs who may be similarly-situated, or that the Court issue such Notice;

7. That other similarly-situated former and present employees be given the opportunity to join this lawsuit as party plaintiffs by filing written Consents pursuant to 29 U.S.C. §216(b);

8. That plaintiffs and all other joining plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b), and/or prejudgment interest;

9. An award of attorneys' fees;

10. An award of pre-judgment interest;

11 An award of costs and expenses of this action, including discretionary costs; and

12. Such other, further and general relief to which they may be entitled.

/s/ Stephen W. Grace
Stephen W. Grace (TN No. 14867)
1019 16th Avenue South
Nashville, Tennessee 37212
(615) 255-5225

/s/ Randall W. Burton
Randall W. Burton (TN No. 15393)
144 Second Avenue, North
Suite 200
Nashville, Tennessee 37201
(615) 620-5838

/s/ Morgan E. Smith
Morgan E. Smith (TN No. 26601)
144 Second Avenue, North
Suite 200
Nashville, Tennessee 37201
(615) 620-5848
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I electronically filed and served this Second Amended Complaint using the Court's CM/ECF system upon all counsel of record, including Douglas R. Pierce, Esq., King & Ballow, 1100 Union Street Plaza, 315 Union Street, Nashville, Tennessee 37201, Kara E. Shea, Esq. and Sara Ann T. Quinn, Esq., Butler Snow, LLP, The Pinnacle at Symphony Place, 150 3rd Avenue South, Suite 1600, Nashville, TN 372101 and to Kristin M. Simpsen, Esq. and Sam R. Fulkerson, Esq., McAfee & Taft, PC, 10th Floor, 2 Leadership Square, 211 N. Robinson, Oklahoma City, Oklahoma 73102, this 3oth day of December, 2013.

/s/ Stephen W. Grace