UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DONTRELL BOOKER, DARIUS CARTER, STEPHANO GOLIDAY-HOLLON and MICHAEL ECKLES,** ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 3:13-cv-1121 |
| ) | Judge Sharp |
| **CORNERSTONE BAKING COMPANY, LLC and EXPRESS SERVICES, INC. OF COLORADO d/b/a EXPRESS SERVICES INC.** ) ) ) ) ) | |
| Defendants. ) | |

# MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Court-Supervised Notice. (Docket No. 33). For the following reasons, the Court will GRANT Plaintiffs' motion.

# BACKGROUND

Plaintiffs bring this action in part as a purported collective action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Plaintiffs contend that Defendant Express Services, Inc. employed them as temporary workers and assigned them to work as mixers at Defendant Cornerstone Baking Company, LLC's baking facility in Nashville, Tennessee. In the course of this work, Plaintiffs say they were regularly required to work "off-the-clock."

Plaintiffs ask the Court to conditionally certify a collective action under the FLSA that embraces all current and former mixers who were employed by both Defendants at

Cornerstone's baking facility in Nashville, Tennessee. Plaintiffs further request that the Court order Defendants to produce the names and contact information of the prospective class members so that notice may be sent to them. And Plaintiffs finally ask the Court to approve and direct the issuance of Plaintiffs' proposed notice to all prospective class members.

In support of the motion, Plaintiffs submit two nearly identical declarations from named Plaintiffs Dontrell Booker and Stephano Goliday-Hollon. (Docket Nos. 33-2 & 33-3). Both declarants state that as non-exempt hourly "mixers" they were required to begin working approximately 20 minutes before their scheduled shifts to prepare the bread-baking line. This preparatory work included putting ingredients into the industrial mixers and ensuring the mixers and ingredients were at the proper temperature. Booker and Goliday-Hollon state that they were not permitted to record their time at shift's end because a Cornerstone employee filled out their time cards for them. They further allege that they regularly worked 12- to 15-hour shifts at least 5 to 6 days a week; although they were paid overtime for some hours worked in excess of 40 in a workweek, they say they were not paid at the higher rate for all of the overtime hours they worked. Finally, Plaintiffs Booker and Goliday-Hollon say they are aware that other mixers employed by both Defendants at Cornerstone's Nashville bakery similarly performed unpaid preliminary shift work and were not paid the overtime rate for all of the overtime-eligible hours they worked.

Defendant Cornerstone responds that Plaintiffs have failed to meet their burden for conditional certification under the FLSA. Cornerstone contends that Plaintiffs cannot establish they are similarly situated to the proposed class for two reasons. First, Cornerstone says that both Defendants did not employ all of the named Plaintiffs, as Cornerstone directly hired Plaintiff Darius Carter to work at the bakery, meaning he had no employment relationship with

Express Services. Second, Cornerstone argues that Plaintiffs have failed to allege that Cornerstone has a policy or practice that violates the FLSA, pointing out that the company does not allow mixers to perform uncompensated work and has a practice of properly recording all time worked. Cornerstone submits the declaration of its President Alan Barton with its response. For its part, Express Services relies on Cornerstone's arguments in opposition.

## LAW

The FLSA permits an employee to maintain a collective action to recover compensation against any employer for and on behalf of himself and other employees similarly situated. 29 U.S.C. § 216(b). The Court determines whether plaintiffs are similarly situated using a two-step process. *White v. Baptist Mem. Health Care Corp.*, 699 F.3d 869, 877–78 (6th Cir. 2012). First, at the beginning of discovery, the Court applies "a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated." *Id.* (quoting *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006)). At this point, the Court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Brasfield v. Source Broadband Services, LLC*, 257 F.R.D. 641, 642 (W.D. Tenn. 2009). If conditional certification is warranted, the Court may authorize the similarly-situated employees to be notified so that they may opt into the lawsuit (since collective actions, unlike class actions under Rule 23, require individuals to "opt in" as party plaintiffs). *White*, 699 F.3d at 877–78.

The Court uses a "stricter standard" at the second stage, "more closely examin[ing] 'the question of whether particular members of the class are, in fact, similarly situated.'" *Id.* (quoting *Comer*, 454 F.3d at 547). At that later point, the Court reviews the evidence produced during discovery and determines whether the class is similarly situated and, if not, whether it should be

fully or partially decertified. *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584–87 (6th Cir. 2009).

"The [FLSA] does not define 'similarly situated.'" *Id*. at 584. And while the Sixth Circuit has "not purport[ed] to create comprehensive criteria for informing the similarly-situated analysis," it has said that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Id*. at 585. As well, plaintiffs are similarly situated if "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id*.

## ANALYSIS

Defendants argue that Plaintiffs have not alleged a FLSA-violating policy or practice that violates the FLSA. They maintain that the declarations Plaintiffs submitted are "completely silent as to any plan, policy or practice of Cornerstone requiring its mixers to engage in uncompensated work prior to a scheduled shift," and, moreover, that "Cornerstone has a practice of properly recording all time of bakery workers[.]" (Docket No. 38 at 4).

As to the first point, Defendants are mistaken. Both declarants specifically state: "I was required to begin working approximately 20 minutes before my scheduled shift to put the ingredients into the industrial mixers and make sure the mixers and ingredients were at the proper temperature but was not paid for that time." (Docket Nos. 33-2 at 2 & 33-3 at 2). Both also say that they are "personally aware of other hourly mixers who were not paid for their preliminary shift work or for all hours worked each day in some workweeks." (*Id*.). Pointing to such an alleged requirement that applies to mixers as a group satisfies Plaintiffs' obligation to allege a policy or practice that results in a violation of the FLSA.

- 4 -
Case 3:13-cv-01121   Document 40   Filed 02/24/14   Page 4 of 7 PageID #: 338

Defendants' second point—that Cornerstone's practice is to properly record all of the time that its bakers work—fares no better. The argument raises a factual issue because it runs headlong into Plaintiffs' contrary claim that Cornerstone does *not* properly record all hours worked. Because the Court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at the first certification stage, *Brasfield*, 257 F.R.D. at 642, Defendants' arguments will be appropriately considered later in the litigation.

The Court moves on to consider the durational scope of the putative class. Plaintiffs ask the Court to conditionally certify a class of all current and former mixers that both Defendants employed at Cornerstone's bakery in Nashville, Tennessee in the three years preceding Plaintiffs' motion. (Docket No. 35 at 2). Defendants counter that Plaintiffs' factual allegations do not support a conclusion that individuals who worked for both Defendants at Cornerstone's Nashville bakery before or after Plaintiffs' labored there are similarly situated; as a consequence, notice should be limited to the period the longest-serving named Plaintiff worked for both Defendants. (Docket No. 38 at 7–8). Defendants point out that Plaintiff Booker—who toiled at Cornerstone's Nashville bakery from July 8, 2011, to October 26, 2012—worked for both Defendants longer than any other named Plaintiff. (Docket No. 39 at 2).

Plaintiffs state the basis of their knowledge of Defendants' alleged FLSA violations in the two declarations they submitted with the pending motion. In full, they say:

> I am personally aware of other hourly mixers who were not paid for their preliminary shift work or for all hours worked each day in some workweeks, and who were not paid overtime pay for all hours worked over 40 hours in some workweeks at Cornerstone Baking Company while employed there through Express Services, and who would benefit from being notified about this lawsuit and who will not otherwise receive notice and the opportunity to obtain legal redress.

- 5 -
Case 3:13-cv-01121   Document 40   Filed 02/24/14   Page 5 of 7 PageID #: 339

(Docket Nos. 33-2 at 2 & 33-3 at 2). These factual allegations enable the Court to extend conditional certification only to those employees who were employed at the same time as the named Plaintiffs. The reason is that Plaintiffs fail to claim (or provide any basis to infer) that they discussed issues related to preliminary shift work and other recordkeeping problems concerning the hours they worked with their co-workers before or after their employment at the bakery. As Plaintiffs do not claim they were able to observe or learn about such violations except when they worked for Defendants, their allegations—at least as currently constructed—properly embrace Defendants' employment practices only during those times.

To sum up, Plaintiffs have met their "fairly lenient" burden to show that the putative class is similarly situated because Defendants allegedly subjected its members to a common policy that violated the law. The Court will conditionally certify a class consisting of all current and former mixers that both Defendants employed at Cornerstone's baking facility in Nashville, Tennessee from July 8, 2011, to October 26, 2012.

Three miscellaneous issues remain. First, Defendants claim that named Plaintiff Darius Carter is not similarly situated to members of the proposed class because Cornerstone directly hired him to work at the bakery and Express Services had no role in his employment relationship with Cornerstone. (Docket No. 38 at 3–4). Plaintiffs have not replied to Defendants' response to their motion, and the Court is otherwise unaware of Plaintiffs' position on this issue. The Court directs Plaintiffs to file notice within 7 days as to whether both Defendants employed Plaintiff Carter as a mixer at Cornerstone's baking facility.

Next, Plaintiffs have submitted a proposed Notice, (Docket No. 33-1), to which Defendants have multiple objections, (Docket No. 37 at 7–10). The Court directs the parties to

confer regarding the Notice and submit to the Court a Joint Proposed Notice within 7 days.  If the parties are unable to agree, the Court will consider the parties' proposals and enter a Notice.

Finally, as to the disclosure of information, Defendants shall provide to Plaintiffs the names and last known mailing addresses of the purported class members within 7 days.  The Magistrate Judge will decide any disputes regarding this disclosure.

## **CONCLUSION**

For the reasons stated, the Court will GRANT Plaintiffs' Motion for Court-Supervised Notice.  (Docket No. 33).  An appropriate Order will be entered.

*[signature: Kevin H. Sharp]*

KEVIN H. SHARP

UNITED STATES DISTRICT JUDGE